UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TROPICAL WORLD CORPORATION, a Florida corporation,<br><br>    Plaintiff,<br><br>v.<br><br>DEL VALLE IMPORT CORP., a New York company, JORGE AVILA, aka JORGE TYRONE AVILA, aka TYRONE AVILA, an Individual,<br><br>    Defendants. | CIVIL ACTION NO.: 1:22-cv-1588 |

## ORIGINAL COMPLAINT

Plaintiff Tropical World Corporation, for its Original Complaint against Defendants Del Valle Import Corp., Jorge Avila, aka Jorge Tyrone Avila, aka Tyrone Avila, alleges and states as follows:

## I.
## JURISDICTION AND VENUE

1. The District Court has jurisdiction over this civil action arising under § 5(c)(5) of the PACA, 7 U.S.C. § 499e(b)(2), pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a). The Court has *in rem* jurisdiction over the Plaintiff's claims pursuant to, *inter alia*, 28 U.S.C. § 1655. Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this District.

## II.
## PARTIES

1. Plaintiff is a domestic corporation incorporated in the State of Delaware with its principal place of business in Doral, Florida.

2. Plaintiff sells wholesale quantities of perishable agricultural commodities (hereinafter "Produce") in interstate and international commerce and operates its business under a valid United States Department of Agriculture issued PACA License, which is identified as License No. 20200731.

3. At all times relevant herein, Plaintiff was subject to and licensed under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499a *et seq*.

4. Defendants are:

   a. Del Valle Import Corp. ("Del Valle"). Del Valle is a New York company with its principal place of business located at 1231 Lafayette Avenue, Bronx, New York 10474.

   b. Jorge Avila also known as Jorge Tyrone Avila, also known as Tyrone Avila ("J. Avila"), an Individual. Upon information and belief, J. Avila is or was an officer, director, member, or shareholder of Del Valle and in a position or was in a position to control the assets of Del Valle. Upon information and belief, J. Avila is a resident of the Bronx, New York. Del Valle and J. Avila, collectively hereinafter referred to as the "Defendants."

5. At all times relevant hereto, Defendants were engaged in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, are "dealers" of Produce as defined by the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §§ 499a-499t (the "PACA").

6. Plaintiff is informed and believes that Del Valle, at the time of the transactions at issue, was not licensed under PACA but was subject to license under the PACA, as dealer, commission merchant or broker and therefore is subject to the provisions of PACA.

2. At all times relevant hereto, Defendants were engaged in the business, of negotiating sales and purchases of Produce in interstate or foreign commerce for or on behalf of a vendor or purchaser, and, therefore, are "brokers" of Produce as defined by the PACA.

### III.
### FACTUAL ALLEGATIONS

7. Between May 14, 2021 and July 21, 2021, Plaintiff sold and delivered to Defendants wholesale quantities of produce, in the current aggregate amount of $58,440.00, as set forth in Exhibit A.

8. Defendants accepted each load of Produce which corresponds to the invoice numbers as listed in Exhibit A.

9. Defendants accepted each load of Produce which corresponds to the invoice numbers as listed in Exhibit A.

10. Plaintiff issued to Defendants, and Defendants received, each of the invoices listed in Exhibit A.

11. Plaintiff is an unpaid supplier or seller of Produce having sold Produce to Defendants for which it remains unpaid.

12. Defendants failed to pay or otherwise deliver good funds to the Plaintiff in the amount set forth in Plaintiff's A/R Aging Detail attached to Exhibit A, despite repeated demands from Plaintiff.

13. At all relevant times hereto, Del Valle acted by and through its principal, J. Avila.

3

## IV.
## COUNT I
### ENFORCEMENT OF THE PACA TRUST - ALL DEFENDANTS

14. Plaintiff re-alleges paragraphs 1 through 13 as though fully set forth herein.

15. Defendants are in possession, custody and control of all assets derived from the Defendants' sale of: (i) Produce; (ii) food or products derived from Produce; (iii) accounts receivable; (iv) proceeds from the sale of Produce; (v) cash; (vi) any other assets commingled with proceeds of Produce; and (vii) any other assets acquired or maintained with such proceeds, cash, assets, or other trust assets held in Del Valle's name (the "PACA Trust Assets") for the benefit of Plaintiff and all other similarly-situated PACA trust beneficiaries.

16. Defendants failed to deliver to Plaintiff sufficient funds from the PACA Trust Assets for any of the shipments of Produce listed in Exhibit A.

17. Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as Plaintiff's unpaid claims asserted in this action.

18. The matters and actions alleged in this Count I constitute a violation by Defendants of Section 2 of the PACA.

19. As a direct result of Defendants' failure to properly protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the current aggregate amount totaling of $58,440.00, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

20. On information and belief, additional unknown and unpaid trust beneficiaries exist. As a result, Plaintiff further seeks the entry of an Order directing Defendants to immediately turn over to the Registry of the Court all assets impressed with the PACA trust for

the benefit of all unpaid trust beneficiaries such as Plaintiff herein, thereby creating a fund for the benefit of said trust beneficiaries.

## V.
## COUNT II
## PACA VIOLATION: FAILURE TO PAY PROMPTLY – ALL DEFENDANTS

21. Plaintiff re-alleges paragraphs 1 through 20 as though fully set forth herein.

22. Defendants received each of the shipments of Produce referenced in Exhibit A.

23. Defendants failed to pay the invoices identified in Exhibit A within the applicable payment terms that were in effect between the parties at the time of each transaction.

24. The matters and actions alleged in this Count II constitute a violation by Defendants of Section 2 of the PACA.

25. As a direct result of Defendants' failure to pay for each invoice within terms, the Plaintiff has incurred damages in the current aggregate amount totaling $58,440.00, plus further interest.

## VI.
## COUNT III
## PACA VIOLATION: FAILURE TO MAINTAIN TRUST – ALL DEFENDANTS

26. Plaintiff re-alleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff and Defendants entered into a series of transactions involving Plaintiff's sale and Del Valle's purchase of Produce between May 14, 2021 and July 21, 2021 (the "Sales Period"), each of which are identified in the attached Exhibit A.

28. During the Sales Period, Del Valle lacked the liquidity or free cash flow to pay Plaintiff for the Produce transactions identified in Exhibit A.

29. During the Sales Period, Del Valle's PACA Trust Assets were not freely available to satisfy its outstanding obligations to the Plaintiff.

30. The matters and actions or inactions alleged in this Count III constitute violations by Defendants of Section 2 of the PACA.

31. As a direct result of Defendants' aforementioned actions and inactions, Plaintiff's has incurred damages in the current aggregate amount totaling $58,440.00, plus further interest.

## VII.
## COUNT IV
## BREACH OF CONTRACT – DEL VALLE

32. Plaintiff re-alleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff and Del Valle entered into the various contracts referenced in Exhibit A.

34. In each contract, Plaintiff agreed to sell Produce to Del Valle and Del Valle agreed, *inter alia,* to purchase Produce from the Plaintiff.

35. Plaintiff delivered conforming goods to Del Valle and has otherwise satisfied all conditions of said contracts.

36. Del Valle failed to pay for each shipment of Produce referenced in Exhibit A.

37. As a direct result of Del Valle's failure to pay for each shipment of Produce identified in Exhibit A, the Plaintiff has incurred damages in the current aggregate amount totaling $58,440.00, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

## VIII.
## COUNT V
## BREACH OF FIDUCIARY DUTY – JORGE AVILA

38. Plaintiff re-alleges paragraphs 1 through 37 as though fully set forth herein.

39. At all times relevant to this action, J. Avila was an officer, director, member, or shareholders of Del Valle, and the individual in charge of its business undertakings.

40. On information and belief, at all times relevant to this action, J. Avila was engaged in the business of buying or selling Produce in interstate or foreign commerce in wholesale or jobbing quantities.

41. At all times relevant to this action, J. Avila controlled and managed Del Valle's operations and had control over Del Valle's financial dealings, including those involving the PACA Trust Assets.

42. At all times relevant to this action, J. Avila was in a position to control and manage Del Valle's operations and had the ability to control Del Valle's financial dealings, including those involving the PACA Trust Assets.

43. At all times relevant to this action, J. Avila had the authority to direct the payment of Del Valle's operating funds and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

44. At all times relevant to this action, J. Avila was in a position to influence Del Valle's application of its operating funds and otherwise had the power to influence the application or disposition of the PACA Trust Assets.

45. Upon information and belief, at all times relevant to this action, J. Avila was authorized signatory on Del Valle's bank account(s) and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

46. As officer, director, member, or shareholders of Del Valle, J. Avila was a statutory trustee with a duty to safeguard the PACA Trust Assets and was required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as those owed to Plaintiff herein.

47. As officer, director, member, or shareholder of Del Valle, J. Avila was a statutory trustee with a duty to ensure that Del Valle performed all duties, express or implied, arising out of Del Valle's undertakings in connection with Del Valle's Produce transactions, which included, *inter alia,* ensuring that there were, at all times, sufficient trust assets available to satisfy all of Del Valle's obligations to its unpaid Produce suppliers.

48. As officer, director, member, or shareholder of Del Valle, J. Avila knew or should have known of Del Valle's failure to pay each of Plaintiff's unpaid invoices identified in Exhibit A as they fell due.

49. As officer, director, member, or shareholder of Del Valle, J. Avila possessed the power necessary to counteract or obviate the decisions of Del Valle not to pay Plaintiff and other similarly situated PACA trust beneficiaries or to otherwise dissipate the PACA Trust Assets.

50. Because J. Avila controlled and/or was in a position to control Del Valle, and the Plaintiff's invoices have not been paid from PACA Trust Assets as its bills fell due, J. Avila has breached his fiduciary duty under the PACA trust.

51. Because J. Avila was either in control or was in a position to control Del Valle, and J. Avila failed to ensure that there were, at all times, sufficient trust assets available to satisfy all of Del Valle's obligations to Plaintiff as unpaid Produce suppliers, J. Avila has breached his fiduciary duty under the PACA trust.

52. Because J. Avila was either in control or was in a position to control Del Valle, and J. Avila failed to counteract or obviate the decisions of Del Valle not to pay Plaintiff or other similarly situated trust beneficiaries from Del Valle's PACA Trust Assets, J. Avila has breached his fiduciary duty under the PACA trust.

53. J. Avila continues to hold any and all PACA Trust Assets having come into his possession as trustee for Plaintiff's beneficial interest in the PACA trust.

54. J. Avila is personally liable to Plaintiff, which liability is joint and several with Del Valle and any third parties having received any PACA Trust Assets with actual or constructive notice of the breach of the PACA Trust, for the dissipation of the PACA trust in the current aggregate amount totaling $58,440.00, plus further interest, to be satisfied from J. Avila's personal assets.

## IX.
## COUNT VI
## BREACH OF FIDUCIARY DUTY
## INTEREST AND ATTORNEY'S FEES

55. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 54 above, as if fully set forth herein.

56. PACA and Plaintiff's invoices entitle Plaintiff to recover prejudgment interest and attorney's fees incurred to collect any balance due from Defendants.

57. As a result of Defendants' failure to make full payment promptly for the Produce sold and delivered to Defendants, Plaintiff has lost the use of said money.

58. As a result of Defendants' continued failure to make payment for the Produce sold and delivered to Defendants by Plaintiff, Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties under PACA and the invoices.

WHEREFORE, Plaintiff's respectfully seek the entry of an Order providing as follows:

A) As to Count I: (i) entering an Order providing injunctive relief and creating a common fund and/or otherwise compelling the preservation of the Defendants' PACA Trust Assets for the benefit of the Plaintiff and other similarly-situated PACA trust beneficiaries

that properly join in the instant action, (ii) entering an Order directing the Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff's, and; (iii) entering a Final Judgment in favor of Plaintiff's and against the Defendants, jointly and severally, in the current aggregate amount totaling $58,440.00, plus further interest, less any actual recovery on other Counts herein;

  B)  As to Count II, entering a Final Judgment in favor of Plaintiff and against the Defendants, jointly and severally, for failing to promptly pay Plaintiff in the current aggregate amount of $58,440.00, plus further interest, less any actual recovery on other Counts herein;

  C)  As to Count III, entering a Final Judgment in favor of Plaintiff and against the Defendants, jointly and severally, for failing to maintain the PACA trust in the current aggregate amount of $58,440.00, plus further interest, less any actual recovery on other Counts herein;

  D)  As to Count IV, entering a Final Judgment in favor of Plaintiff's and against Del Valle for breach of contract in the current aggregate amount of $58,440.00, plus further interest, less any actual recovery on other Counts herein;

  E)  As to Count V, entering a Final Judgment in favor of Plaintiff and against Jorge Avila, on a joint and several basis with Del Valle, for a breach of their respective fiduciary duties to the PACA trust, in the aggregate amount of $58,440.00, plus further interest, less any actual recovery on other Counts herein;

  F)  As to Count VI, Plaintiff requests judgment against each of the Defendants, jointly and severally, for prejudgment interest, costs, and attorney's fees.

G) Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

DATED: February 25, 2022.

        Respectfully submitted

        STOKES LAW OFFICE LLP

        By: */s/* Craig A. Stokes
        Craig A. Stokes – [CS-6428]
        Attorney Bar Code 3894839
        P.O. Box 6909
        San Antonio, TX 78209-0909
        Direct Telephone (210) 742-2789
        Office Telephone (210) 804-0011
        Facsimile (210) 822-2595
        cstokes@stokeslawoffice.com

        *Counsel for Plaintiff Tropical World Corporation*